U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MONROE

JAN 29 2009

ROBERT H. SHEMWELL, CLERK
BY _____
              DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 02-30019-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FRANKIE GREEN | MAG. JUDGE KAREN L. HAYES |

### RULING

Pursuant to 18 U.S.C. § 3582(c)(2), which provides for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission under 28 U.S.C. § 994(u), the Court has considered whether Defendant's sentence of imprisonment should be reduced because of the recent amendments to the United States Sentencing Guidelines for crack cocaine. For the following reasons, the Court finds that Defendant is not entitled to a reduction in his term of imprisonment.

On October 29, 2002, Defendant pled guilty to conspiracy to distribute 50 grams or more of crack cocaine. The United States Probation Officer assigned to this case prepared a pre-sentence investigation report. In that report, the Probation Officer determined that Defendant had a total offense level of 41 and a criminal history category of I, resulting in a then-mandatory Guideline range of imprisonment of 324-405 months.

On June 10, 2003, Defendant was sentenced to serve a term of imprisonment of 324 months.

After the amendments to Section 2D1.1 of the Sentencing Guidelines, the United States Probation Office reviewed Defendant's case. Because the quantity of crack cocaine involved in his offense exceeded 4,500 grams or 4.5 kilograms, Defendant's Guideline range of imprisonment was

unaffected by the amendments. His Guideline range of imprisonment remains 324-405 months.

Therefore, in an August 11, 2008 Order, the Court indicated that it did not intend to reduce

Defendant's sentence of imprisonment. The Court ordered the Office of the Federal Public

Defender, which was appointed to represent Defendant, and the United States Attorney to file any

objections and/or request for hearing within sixty days.

After an extension of time to respond, on December 29, 2008, the Assistant Federal Public

Defender filed a motion to withdraw [Doc. No. 68]. In that motion, counsel stated that she found

no meritorious issues to advance on Defendant's behalf. However, she requested that Defendant be

permitted to proceed pro se and file any objections he might have to the Court's August 11, 2008

Order.

On January 5, 2009, the Court granted counsel's motion to withdraw and ordered that

Defendant file any objections within thirty days.

On January 26, 2009, Defendant's memorandum [Doc. No. 70] was received by the Clerk

of Court. Defendant maintains that he is entitled to a two-point reduction in his term of

imprisonment, citing 18 U.S.C. § 3553(a) and *United States v. Booker,* 543 U.S. 220 (2005).

This Court's statutory authority to reduce a defendant's term of imprisonment based on the

amendments to Section 2D1.1 of the Guidelines arises under 18 U.S.C. § 3582(c)(2). That statute

provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except
> that-
>
> ...
>
> in the case of a defendant who has been sentenced to a term of imprisonment **based
> on a sentencing range that has subsequently been lowered** by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the

term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). If § 3582(c)(2) applies, then the decision whether to reduce a defendant's sentence rests in the discretion of the district judge. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

(a)   Authority.--

    (1)   In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. [§] 3582(c)(2). As required by 18 U.S.C. [§] 3582(c)(2), any such reduction . . . shall be consistent with this policy statement.

    (2)   Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. [§] 3582(c)(2) if--

        (A)   None of the amendments . . . is applicable . . . ; or

        (B)   **an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.**

(b)   Determination of Reduction in Term of Imprisonment--

    (1)   In General.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. [§] 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. **In making such determination, the court shall**

**substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.**

    (2)    <u>Limitations and Prohibition on Extent of Reduction</u>--

        (A)    <u>In General</u>.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. [§] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(a)-(b)(2)(A) (emphasis added) (Supp. to the 2007 Guidelines Manual).

First, the Court finds that it has no authority under § 3582(c)(2) to reduce Defendant's term of imprisonment because his Guideline range did not change. The Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions based on a change to the Guideline range, and the policy statement contained in § 1B1.10(b)(2)(A) is clear that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. [§] 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." In this case, the amended Guideline range remains 324-405 months, and Defendant was previously sentenced to 324 months.

Second, the Court has previously determined that *Booker* and its progeny do not apply to § 3582(c)(2) proceedings. In a recent unpublished decision, the Fifth Circuit found that a district court did not have the discretion under *Booker* to reduce a defendant's sentence under § 3582(c)(2) when he was not affected by the amendments to Section 2D1.1 "because *Booker* was not 'based on a retroactive amendment to the Guidelines.'" *United States v. Rice*, No. 08-20256, 2009 WL 139581, at *1 (5th Cir. Jan. 21, 2009) (citing *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994)).

Finally, while the Court considers the factors listed under 18 U.S.C. § 3553(a) when reducing a sentence of imprisonment under § 3582(c)(2), the Court's review of those factors must be

4

undertaken "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In this case, Defendant is not entitled to a reduction at all, and there is no basis for revisiting his sentence. Therefore, the Court never reaches a § 3553(a) review.

Defendant is not entitled to a reduction in his term of imprisonment and shall serve the 324-month term originally imposed.

MONROE, LOUISIANA, this 29 day of January, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE