UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**                          **CASE NO. 3:02-CR-30019-01**

**VERSUS**                                            **JUDGE ROBERT G. JAMES**

**FRANKIE GREEN (01)**                                **MAGISTRATE JUDGE HAYES**

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"), filed by Defendant Frankie Green. [Doc. No. 105]. Pursuant to his memorandum, Defendant moves the Court to vary downward from the sentencing guidelines and impose a reduced sentence. *Id.* at 1. He further moves the Court to reduce his term of supervised release from five years to four years. *Id.* at 6. The government opposes the motion, arguing Green is not eligible for relief under the FSA. [Doc. No. 107 at 1]. Alternatively and in the event the Court finds Green is eligible for relief, the government asks that it "consider the sentencing factors provided in 21 U.S.C. § 3553(a) when deciding whether to impose a sentencing reduction and downward variance." *Id.* For the following reasons, Defendant's motion is GRANTED, and the Court will reduce Defendant's term of imprisonment to TIME SERVED and will reduce his term of supervised release to four years.

### I.
### BACKGROUND

On December 26, 2002, Green was charged in a three count Indictment with the following offenses: Conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); Distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and Possession of a Firearm

in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3). [Doc. No. 10]. On October 29, 2002, Green pleaded guilty to Count 1 of the Indictment. [Doc. No. 21]. On June 16, 2003, Green was sentenced under the then-mandatory sentencing guidelines to a term of imprisonment of 324 months, to be followed by a five-year term of supervised release.[1] [Doc. No. 38]. At the sentencing hearing, the government dismissed Counts 2 and 3. *Id.*

## II.
## APPLICABLE LAW

At the time Green was sentenced, distribution of 50 grams or more of crack cocaine carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (West 2003). On August 3, 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams, and increased the quantity of cocaine base required to trigger the five-year mandatory minimum sentence from 5 grams to 28 grams. *Id.* at 269. The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). The First Step Act provides in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.

---
[1] Green's sentencing guideline range was 324 to 405 months incarceration.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

## III.
### ANALYSIS

### A. Whether Defendant is eligible for relief under the First Step Act

The government contends Green is ineligible for relief due to the amount of cocaine base attributed to him in the Presentence Investigation Report ("PSR"), which was adopted by the Court at sentencing.[2] [Doc. No. 107 at 4]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future proceedings in this case." *Id.* (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. *Jackson* at 320 ("[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted.") Accordingly, the Court finds Green meets all requirements for eligibility under section 404 of the FSA: Green was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence

---

[2] The PSR found Green was responsible for 106.5 kilograms of cocaine base. PSR at ¶ 16. One hundred and six (106) kilograms of this amount was based upon information Green provided to investigators. *Id.* at ¶ 9.

"previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Therefore, the Court finds Green is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson*, 945 F.3d at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[3] Green was originally subject to a statutory sentencing range of ten years to life in prison. Under the First Step Act, his statutory sentencing range is now five to forty years. Green's sentencing guideline range remains 324 to 405 months incarceration.

The government argues a reduced sentence is not warranted, noting Green's guideline range has not changed. [Doc. No. 107 at 3]. Counsel for Defendant argues a below guideline sentence is warranted, pointing to the non-violent nature of the offense, Green's minimal criminal history, his difficult upbringing, and his timely cooperation. Counsel additionally notes Green's "conduct while in BOP custody demonstrates a strong commitment to turning his life around and becoming a law-abiding citizen." [Doc. No. 105 at 4].

The Court finds the record reflects the underlying goals of sentencing have been achieved with Mr. Green. While the offense did involve a large amount of narcotics and firearms, this is a non-violent offense and there is no indication in the record that Green is a violent individual. The

---

[3] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited March 9, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

Court notes Green cooperated with authorities immediately upon arrest and agreed to plead guilty shortly thereafter. The Court additionally notes his guideline base offense level was drastically increased due to his acceptance of responsibility and honesty with investigators. *See* n.2, *supra*. Further, Green has only one prior conviction, incurred at age twenty-one, for illegal carrying of a weapon and resisting an officer, thereby classifying him as a Criminal History Category I. Thus, the instant offense – Green's first felony conviction – has cost him almost eighteen years of his life.

While the Court finds the foregoing facts alone warrant a sentence of time served, the Court would be remiss if it did not point out Green's extraordinary success towards rehabilitation while in BOP custody. Green has taken thirty classes while in custody, including a number of courses designed to aid him in joining the workforce upon release. He has had great success in his work assignments and has been an asset to his fellow inmates and BOP personnel. [*See e.g.* Doc. No. 105-3, Doc. No. 105-1 at 1, 3]. Green has also addressed his issues with alcohol through educational courses and participation in self-help groups for substance abuse. [PSR at ¶ 36; Doc. No. 105-1 at 2, 3]. He has a supportive family and employment opportunities available upon release. [Doc. No. 106 at 1].

In sum, after consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crime Green committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when

compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to four years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 105] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration to TIME SERVED and reducing his term of supervised release to four years. Except as modified in this paragraph, all other provisions of the Judgment imposed on June 16, 2003 [Doc. No. 38] REMAIN in effect.

SIGNED this 9th day of April, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE